cludes any action brought to recover for injury to the person of an individual. The case of Davids v. Brooklyn Heights R. R. Co. is based upon an alleged distinction, which the defendant here seeks to sustain, between an action for personal injury based upon the personal act of the defendant and that based upon the act of his servant, a distinction which is not justified by any provision of the Code. It is the nature of the cause of action which has resulted in the judgment sought to be enforced that controls. That cause of action is for a "personal injury," whether the injury to the person is caused by the personal act of the defendant, or by the act of his servant for which he is responsible.

I think, therefore, that the execution was properly issued, and that the order appealed from should be affirmed, with $10 costs and disbursements. All concur; PATTERSON, J., in result.

---

(45 Misc. Rep. 516.)

NEW YORK, O. & W. R. CO. v. McBRIDE et al.

(Supreme Court, Special Term, Orange County. December, 1904.)

1. CONDEMNATION PROCEEDINGS—COSTS.

Where judgment is given against the defendants on the trial of an issue raised by the answer in condemnation proceedings, but no offer was made by the plaintiff, the plaintiff is entitled to trial costs, and the defendants to costs on the hearing before the commissioners, under Code Civ. Proc. § 3365, authorizing the interposition of an answer to the petition, and the direct provisions of section 3372.

Proceeding by the New York, Ontario & Western Railroad Company against Wilber E. McBride and others to acquire title to real estate. On motion to confirm report of commissioners. Order issued.

Thomas Watts, for plaintiff.
Wilber E. McBride, for defendants.

GAYNOR, J. In a proceeding for the condemnation of real property, if a defendant interpose an answer to the petition (Code Civ. Proc. § 3365) a trial of the issues thus raised must be had. If judgment be given the answering defendant thereon, he is entitled to costs against the plaintiff, i. e., costs before and after notice of trial and a trial fee. Section 3369. If judgment of condemnation be given, the plaintiff is entitled to like costs against the answering defendant. Section 3372, last clause.

The foregoing provisions relate to the "trial" only, i. e., the trial of the issue raised by an answer to the petition. That is the only "trial" that is had in a condemnation proceeding. The word does not relate to or designate the hearing before the commissioners at all.

But costs are also allowed to the plaintiff upon the hearing before the commissioners. If no offer has been made by the plaintiff, the defendant recovers costs without regard to the amount of the award. If such an offer has been made, he recovers costs only if the award be larger than the offer; and the costs allowed are costs before and after notice of trial and a trial fee. Section 3372.

Judgment having been given against the defendants on trial of the issue raised by their answer, the plaintiff is entitled to trial costs, and no offer having been made by the plaintiff, the defendants are entitled to costs upon the hearing before the commissioners.

Ordered accordingly.